**J. & P. BALTZ BREWING CO. v. KAISERBRAUEREI, BECK & CO.**

(Circuit Court of Appeals, Third Circuit.    May 4, 1896.)

No. 11.

1. TRADE-MARK—DESCRIPTIVE WORDS.

The word "Kaiser," used in connection with a brand of beer, is not indicative of class, grade, style, quality, or locality, and may therefore be lawfully appropriated as a trade-mark.

2. SAME—EFFECT OF TREATIES—RIGHTS OF CITIZENS OF GERMANY.

The provision in the treaty with Germany, that citizens of Germany shall enjoy in the United States "the same protection as native citizens," in matters of trade-marks, etc. (Pub. Treaties, 259, art. 17), does not prevent a citizen of Germany from acquiring by prior use in this country a trade-mark in a particular word, although, by the laws of Germany, words alone, and apart from some symbol or design, are not the subject of appropriation.

3. SAME—AUSTRIAN TREATY.

The provision in the treaty with Austria that, if a trade-mark has become public property "in the country of its origin," it shall be equally free in the territory of the other contracting party, does not prevent the appropriation in this country, by prior use here, of a word which is not the subject of appropriation under the laws of Austria.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was a suit by Kaiserbrauerei, Beck & Co. against The J. & P. Baltz Brewing Company to enjoin the alleged infringement of a trade-mark. The circuit court rendered a decree for complainant (71 Fed. 695), and the defendant appealed.

J. Rodman Paul and A. Biddle, for appellant.

Louis C. Raegener, for appellee.

Before ACHESON, Circuit Judge, and WALES and GREENE, District Judges.

WALES, District Judge. This is a suit for the infringement of a common-law trade-mark. The complainant is an alien corporation, having its principal place of business at the city of Bremen, in Germany. The defendant is a domestic corporation located in the state of Pennsylvania. Both parties are engaged in the business of manufacturing and selling beer. The complainant claims that it was the first to adopt and use the word "Kaiser" as a trade-name or trademark for the product of its brewery, and that from the time of such adoption and use, in November, 1874, it has continued to export its beer, in kegs and bottles labeled, marked, or stamped "Kaiser Beer," to its agents in the United States, where it has acquired a large and lucrative sale. The bill charges that the defendant makes and sells an article called "Kaiser Beer," which comes into unlawful competition with the beer of the same name manufactured and sold by the complainant. The proofs establish the fact of priority of use by the complainant of the word "Kaiser" as a trade-mark in the United States, and it is admitted that the defendant uses the same word for a like purpose; but the latter denies the right of the complainant to the exclusive use of the word, because it has been long used in Germany to indicate a certain excellence of quality, or superiority over other beer, and to designate beer of a certain grade or color, irrespective of the brewery producing the same. There is some evidence tending to show that there was an occasional use of the word "Kaiser," as a name for beer, in Germany, soon after the coronation of Emperor William I., but there is no evidence that it had been used or adopted as a trade-mark for beer in that country. It also

appears that the word could not have been so used, under the laws of Germany, which do not permit or recognize the exclusive use of any word, apart from some symbol or figurative design, as a trademark. In this respect the common law and the municipal regulations of the United States and of Germany are different; and, even were they not, it has been held by our courts that a person must have shown an actual intention to acquire a title to a trade-mark before it will be protected. A merely casual, interrupted, or temporary use will not support such title, nor will a court of equity recognize by injunction a proprietary right in a phrase or name, unless it has been used in such circumstances, as to publicity and length of use, as to show an intention to adopt it as a trade-mark for a specific article. Menendez v. Holt, 128 U. S. 514, 9 Sup. Ct. 143; Kohler Manuf'g Co. v. Beeshore, 8 C. C. A. 215, 59 Fed. 576. The word "Kaiser," when used as a trade-mark, is no more expressive of excellence of quality or superiority than is the word, "King" or "Monarch" or "Royal" or "Victor," all of which have been approved as proper words for trade-marks; and there is nothing in the record to suggest that it was adopted by the complainant with any other intention than to associate it with the name of the complainant as the producer and owner of the beer, and to distinguish it from like articles manufactured by others. It is not used to describe the class, grade, style, or quality of the beer, nor is it a word in common use as designating locality or section of country, and thus comes within the rules laid down by the supreme court in Mill Co. v. Alcorn, 14 Sup. Ct. 151, where all the leading authorities on the subject of trademarks are collected.

Reference had been made by the defendant's counsel to the respective treaties of Germany and Austria with the United States in relation to trade-marks,—not, admittedly, as having any very material bearing on the questions at issue, but as illustrating the curious results which might follow the decree of the circuit court if affirmed. Article 17 of the German treaty reads as follows (Pub. Treaties, 259):

"With regard to the marks or labels of goods, or of their packages, and also with regard to patterns and marks of manufacture and trade the citizens of Germany shall enjoy in the United States * * * the same protection as native citizens."

Article 1 of the Austrian treaty (Pub. Treaties, 35) contains the following provision:

"* * * If the trade-mark has become public property in the country of its origin it shall be equally free to all in the countries or territories of the other of the two contracting parties."

It is suggested, rather than urged as an argument, that, the term "Kaiser" being open to common use in Germany and Austria,—the laws of those countries in relation to trade-marks being substantially alike,—no subject of either should be permitted to secure the exclusive right to the use of that term as a trade-mark in the United States. The German treaty was intended to secure "the same protection" to German subjects doing business in the United States as

is afforded to our own citizens; and it is not contended that one of the latter would be denied protection for a trade-mark under our laws simply because that particular trade-mark would not be allowed under the laws of Germany. The treaty stipulation only requires that the alien German should receive the same treatment as the American citizen. The provision of the Austrian treaty applies to a trade-mark which has become public property in the country of its origin. The trade-mark which is claimed by the complainant originated in the United States, and has not become public property here. It never was or could have been lawfully adopted as a trade-mark in Austria. As was said by this court in Richter v. Reynolds, 8 C. C. A. 220, 59 Fed. 580, "It was not intended by these treaties to give to the official acts or laws of either country any peculiar extraterritorial effect." The decree of the circuit court is affirmed.