## HYGEIA DISTILLED WATER CO. v. CONSOLIDATED ICE CO.

(Circuit Court, W. D. Pennsylvania. March 2, 1906.)

### No. 35.

1. TRADE-MARKS AND TRADE-NAMES—NAMES SUBJECTS OF OWNERSHIP—MYTHOLOGICAL NAMES.

    The word "Hygeia," used as a distinguishing name for a distilled water for such length of time as to identify the product of a particular manufacturer, may become a valid trade-mark.

    [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, § 12.

    Arbitrary, descriptive, or fictitious character of the trade-name, see note to Searle & Hereth Co. v. Warner, 50 C. C. A. 323.]

2. SAME—INNOCENT USE BY ANOTHER—RIGHT TO INJUNCTION.

    The innocent use of another's trade-mark, without knowledge of its prior appropriation, will not justify its further use after the fact of in-

fringement becomes known; nor is the right to an injunction against such infringement defeated by the length of time of such use unknown to the proprietor, or by the fact that he has not, up to the time of suit, extended his trade to the locality occupied by defendant.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, §§ 63, 93, 95.]

In Equity. Suit to enjoin infringement of trade-mark.

Bakewell & Byrnes, for complainant.

J. S. & E. G. Ferguson, for respondent.

BUFFINGTON, District Judge. This is a bill in equity, brought by the Hygeia Distilled Water Company, a corporation of New York, against the Consolidated Ice Company, a corporation of Pennsylvania, to enjoin the use of a trade-mark. From the proofs we find the following facts: The complainant company distills water for domestic and scientific purposes, and its methods, apparatus, and work have been such as to produce a water of a high grade of excellence and to obtain for it an equally high reputation. It is extensively used, and the trade in it grown to large proportions. The complainant's plant is valuable, and it has expended large sums in advertising its distilled water. The predecessors in title of the complainant began the distillation of water several years prior to 1885; the business having been carried on first by Francis King and Henry T. Oxward. Some time during that period the name Hygeia was given this distilled water. In October, 1885, the business of King and Oxward was incorporated under the name of the Hygeia Sparkling Distilled Water Company, which company on February 24, 1896, changed its corporate name to its present one, the Hygeia Distilled Water Company. During all these years complainant or its predecessors in business have continued the manufacture and sale of their distilled water under the name of Hygeia water and the name Hygeia has been used on the vessels in which it is sold and in their advertising and business literature. Their trade is extensive in private families, hotels, clubs, cafés, steamship lines, extends into other states besides New York, and also to several of the West Indian Islands. It has some trade in Pennsylvania, but, beyond a single shipment, has thus far done no business in Pittsburgh. The respondent is an ice company, whose principal business is in manufacturing and selling ice in Pittsburgh and vicinity. It also sells water, which it distills and calls Hygeia water. The proofs show that this water is not of as high a grade, or distilled to a degree of purity equal to complainant's. The distillation of such water was begun in 1890 by the Hygeia Ice Company, and was sold and distilled by that company until 1891, after which time it was sold through the Eureka Ice Company, its distributing agent. These companies were later absorbed by the respondent company, which has continued the manufacture and sale of the water. The respondent has no trade in its Hygeia water outside of Pittsburgh and the surrounding territory. The respondent's predecessor adopted the name Hygeia for its water without knowledge that complainant was then using that name, and it and respondent remained in ignorance thereof until May, 1904, when respondent's attention was called to

the fact by a letter from complainant's counsel. The complainant was likewise ignorant of such use by respondent of the name Hygeia, until shortly before the letter was sent by its counsel. The proofs satisfy us that the name Hygeia, in connection with its distilled water, is a valuable trade and commercial right to the complainant, and that the continued use of that word by the respondent in connection with distilled water will injure complainant.

Is the latter entitled to an injunction? That depends on the answer to several questions. Is the word Hygeia one that can be monopolized as a valid trade-mark for distilled water? The word itself is the name of the mythological Goddess Hygeia, the daughter of Esculapius. She was the goddess of health. From her name we derive the noun hygiene and the adjectives hygeian and hygienic. It will thus be seen that, while the name Hygeia may suggest purity and health, just as the names of other mythological deities suggested their characteristics, yet such name Hygeia has never become an adjective and a descriptive word any more than the adjective martial has made the name Mars a descriptive word. We are therefore of opinion the word Hygeia does not fall within the principle which precludes the exclusive use of words of description as trade-marks. Mill Co. v. Alcorn, 150 U. S. 460, 14 Sup. Ct. 151, 37 L. Ed. 1144. The word Hygeia, then, being open to adoption as a trade-mark, we have no proof of its use by any one prior to complainant's predecessors as a designation or trade-name for distilled water. Its use by complainant has been of such a continuous public and proprietary character as to make it the distinguishing trade-mark or trade designation of complainant's product. Being then free to give that name to its distilled water, it seems to us the complainant's use of the word Hygeia in connection with its water served to point out distinctly the origin and ownership of its product. This was in accord with its rights. "The office of a trade-mark is to point out distinctly the origin or the ownership of the article to which it is affixed, or, in other words, to give notice who was the producer. This may, in many cases, be done by a name, a mark, or a device well known, but not previously applied to the same article." Canal Company v. Clark, 13 Wall. 311, 20 L. Ed. 581. The word Hygeia, Hygeia water, was used to identify the particular water sold by the complainant, and not to describe any quality or characteristic of water in general. As such it could be made the subject of a trade-mark. Baltz Brewing Co. v. Kaiserbrauerei, Beck & Co., 74 Fed. 222, 20 C. C. A. 402. See instances of historical, fiction, and fancy names approved as trade-marks and cited in 28 Am. & Eng. Ency. Law, p. 361, footnote 1.

The word Hygeia in connection with distilled water being then the trade-mark property of complainant, will the fact that respondent innocently and ignorantly afterwards used it deprive complainant of its exclusive right thereto? There is no question of laches, interrupted use, or any principle of estoppel to affect the complainant in the enforcement of its rights. That the respondent acted innocently in appropriating the use of complainant's trade-mark is conceded, but that such innocent prior use will not warrant further use would seem so clear under the authorities as to render discussion by us

needless. See Singer v. Wilson, 3 House of Lords, 376; McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828; Collins Co. v. Ames (C. C.) 18 Fed. 561; Sebastian's Law of Trade-Marks, pp. 117, 118. Nor does the length of time respondent has used complainant's trade-mark affect the right to an injunction (McLean v. Fleming, supra; Menendez v. Holt, 128 U. S. 514, 9 Sup. Ct. 143, 32 L. Ed. 526), or the fact that complainant has not up to this time extended its trade to the locality occupied by the respondent (Derringer v. Plate, 29 Cal. 296, 87 Am. Dec. 170; Hopkins on Trade-Marks, § 13).

Being therefore of opinion complainant has a valid trade-mark in the use of the word Hygeia in connection with distilled water, that such trade-mark is its property, that it has done no act to preclude its right to an injunction against further use by respondent of that property, an injunction must be granted. Let such decree be prepared.