J. C. HUBINGER BROS. CO. v. EDDY et al.

(Circuit Court, E. D. Missouri, E. D. May 22, 1896.)

No. 3,923.

TRADE-MARKS—INFRINGEMENT.

A label upon which appears, on a white background, in red and black letters, an advertisement of "Elastic Starch," made by the H. Co., with a large and prominent cut of a flatiron, used as a trade-mark for starch, is not infringed by another label, used as a trade-mark for starch, bearing, on a red background, in white, yellow, and black letters, an advertisement of "E.'s New Process Starch," with a picture of a colored woman holding up prominently a freshly-ironed shirt, underneath which, on a table, appears a small flatiron.

Hughes & Roberts, for complainant.
W. B. Homer, for defendants.

ADAMS, District Judge. The amended bill of complaint in this case shows that the complainant is the owner of a trade-mark, used in connection with its business of manufacturing and selling starch,

consisting of a label placed upon each package of starch sold, upon which appear, on a white background, in two colors, red and black, and with attractive display, the words: "Elastic Starch. Latest improved. A great invention. Requires no cooking. Makes collars and cuffs stiff and nice as when first bought new. Prepared for laundry purposes only. One pound of this starch will go as far as one pound and a half of any other starch. Manufactured only by the J. C. Hubinger Bros. Co., Keokuk, Iowa. New Haven, Connecticut. Trade-Mark." In the midst of this display, nearly at the top of the label, there is a large-sized cut, in prominent black color, of an old-fashioned flatiron, with the word, "trade-mark" imprinted upon its upper surface. The bill further shows that the complainant made use of this label, as designating the article of starch prepared and sold by it, for many years prior to the year 1893; that in the year 1893 the defendants commenced manufacturing and selling starch, "and for the purpose of deceiving the public, and to take advantage of the great reputation which complainant's starch had acquired as the "Flat-Iron Starch," adopted a trade-mark in the form of a label, with words prominently displayed, on a deep red background, in three colors, white, yellow, and black, as follows: "Eddy's New Process Laundry Starch. For laundry use only. Eddy & Eddy, St. Louis, Mo., U. S. A. Registered Trade-Mark." In about the middle of this display, on a steel-colored background, there appears nearly a full-length picture of a colored woman holding up prominently in her extended arms a freshly-ironed shirt bosom, underneath which is a table, upon which appears a diminutive sized sadiron. Complainant claims that in using the label last described, with the sadiron upon it, the defendant infringes upon its rights as owner of the label first described. I do not think so. Conceding that the complainant may properly appropriate, and thereby secure the exclusive right to use, the symbol of an old flatiron as designating its ownership of a particular kind of starch,—which, under the authorities, may be doubtful,—I prefer to put my ruling on the ground that no infringement of complainant's rights is shown by the bill. The essence of the wrong which courts of equity interfere to prevent in such cases as this consists in the sale of the goods of one manufacturer or vendor as those of another, by deceiving the public in respect thereto. Canal Co. v. Clark, 13 Wall. 311. "All that courts of justice can do in that regard is to say that no trader can adopt a trade-mark so resembling that of another trader as that ordinary purchasers, buying with ordinary caution, are likely to be misled." McLean v. Fleming, 96 U. S. 245. "Even in the case of a valid trade-mark, the similarity of brands must be such as to mislead the ordinary observer." Mill Co. v. Alcorn, 150 U. S. 460, 14 Sup. Ct. 151. The phraseology, the display, the colors, and the symbols of the two labels are each and all essentially different. The most inadvertent glance at them could not fail to disclose their total dissimilarity. The striking effigy of the colored laundress on defendants' label, proudly attracting attention to the shirt bosom she has just finished, so completely overshadows the diminutive sadiron on the table near her as to render it scarcely noticeable to the ordi-

nary observer. Certainly no purchaser of ordinary discernment could, in the midst of so many and striking dissimilarities, be deceived by the presence of this little iron, and by reason of its presence and any supposed similarity between it and the complainant's well-displayed large flatiron be led to believe he was purchasing the complainant's article. From the foregoing it sufficiently appears that I cannot adopt the view of learned counsel for complainant to the effect that any use by defendant of the symbol of a flatiron, by itself or in combination with other things, whether it misleads purchasers or deceives the public or not, is a technical infringement of complainant's rights, for the redress of which courts of equity will interfere by injunction. Neither principle nor authority, in my opinion, supports such a proposition. Unless a substantial injury is threatened, no injunction ought to issue; and in this case no substantial injury is threatened or done unless (applying the language of the supreme court in cases supra) the defendants have adopted a trade-mark so resembling that of the complainant that ordinary purchasers buying with ordinary caution are likely to be misled; and this, as already stated, I cannot find to be true. The demurrer must be sustained.