DEERING HARVESTER CO. v. WHITMAN & BARNES MFG. CO.

(Circuit Court, N. D. Ohio, E. D.    September 9, 1897.)

No. 5,463.

TRADE-MARK—ACQUISITION.
    The stamping of letters and figures upon the pieces of machinery going to make up the machines of which they severally form a part is presumably for the purpose of identifying the several parts; and, if it serves also to denote the manufacturer, that is incidental only, and does not create a trademark.

This was a suit in equity by the Deering Harvester Company against the Whitman & Barnes Manufacturing Company for alleged infringement of a trade-mark.

Banning & Banning, for complainant.

Charles Baird and Robert H. Parkinson, for defendant.

SEVERENS, District Judge. In this case I am satisfied that the letters and figures stamped upon the pieces of machinery by the complainant, and upon which it sets up its claim for trade mark or marks, were intended in their primary purpose to designate the several pieces of machinery, one from another, in order to give information to its own employés, and its customers who should use its machines, of the identity of the piece thus designated; and that, if the use of such letters and figures in the manner in which they are employed serves also to denote the manufacturer, this is incidental to the principal purpose. The claim of a multitude of trade-marks for the purpose of designating the several parts which go to make up the various combinations exhibited by the several machines which the party manufactures, is very unusual and extraordinary. As a general thing, a trade-mark is a common one, designating generally the thing upon which it is impressed as of the manufacture of the party seeking to establish a claim to the exclusive right thereto. It may be possible to establish a right to such heterogeneous trade-marks, but I think the rational inference from such a course would be that the marking is for the identification of the thing rather than the manufacturer. Upon the evidence in the record, I do not think the defendant can be held to be engaged in the sale of the obnoxious articles under a pretense that such articles were actually manufactured or originally supplied by the complainant. The defendant has done no more than was fairly necessary to enable the public to identify the things wanted from other pieces in the machines of which they severally form a part. In my judgment, the trade-mark cases decided by the supreme court of the United States, especially the more recent ones, are quite decisive of this case against the complainant. Manufacturing Co. v. Trainer, 101 U. S. 51; Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S. 537, 11 Sup. Ct. 396; Coats v. Thread Co., 149 U. S. 563, 13 Sup. Ct. 966; Mill Co. v. Alcorn, 150 U. S. 460, 14 Sup. Ct. 151. It does not appear to me that the case of Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, is opposed to this conclusion. In view of these decisions, it seems unnecessary to go into a discussion of the cases at large. The result is that the bill must be dismissed.