## MORGAN ENVELOPE CO. v. WALTON et al.

(Circuit Court of Appeals, Third Circuit. April 1, 1898.)

No. 3.

1. TRADE-MARK—GEOGRAPHICAL NAMES.

"Columbia," being a geographical name, cannot be appropriated as an exclusive trade-mark. Mill Co. v. Alcorn, 14 Sup. Ct. 151, 150 U. S. 460, followed.

2. SAME—UNFAIR COMPETITION.

An injunction to restrain unfair competition will not be granted where the proofs show that defendant has not been guilty of intentional or actual unfairness, and has not employed imitative devices to draw trade from the complainant, or acted with bad faith or wrongful purpose.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Melville Church, for appellant.

Walter D. Edmonds, for appellees.

Before ACHESON and DALLAS, Circuit Judges, and BRAD-FORD, District Judge.

ACHESON, Circuit Judge. This is an appeal from an interlocutory order or decree upon cross applications for preliminary injunction. The material facts, as they appear from the original bill and answer, the cross bill, exhibits, and affidavits, are as follows: In the year 1885 the Morgan Envelope Company, the appellant, a manufacturer and vendor of tissue or toilet paper, devised and adopted for its packages of paper a wrapper or label bearing as a central figure a symbolical or allegorical representation of Columbia, having the word "Columbia" on its pedestal, and surrounded by a rectangular border or framing having a star at each corner, and bearing at each side-edge of the package the word "Columbia," in fanciful design, and at each end of the package the words "Pure Tissue." This wrapper or label the appellant continuously applied to its packages of toilet paper from its adoption, in 1885, until the entry of the injunction order in this case. In the year 1883 David S. Walton and George West, trading under the firm name of D. S. Walton & Co. (the appellees), manufacturers and vendors of tissue or toilet paper, devised and adopted for their packages of toilet paper a wrapper or label having printed in large letters diagonally across the face the word "Columbia," surrounded by a narrow, rectangular border, within which are fanciful corner designs, a peculiar design near the middle of the left-hand side, a conspicuous figure of a stork in the lower part of the right-hand side, the printed words "Medicated Toilet Paper," and the figures and words "1000 Sheets—Wire Looped." This wrapper or label the appellees have applied to paper packages continuously from its adoption by them, in 1883. Except in the common use of the word "Columbia," these two wrappers or labels are entirely dissimilar. Both in details and in general effect they are unmistakably different. No purchaser using the slightest attention could mistake the one for the other. Until after this litigation began, neither of these parties had any knowledge or information of the existence or use of the wrapper or label of the other. The original bill was filed on February 24, 1897, by the Morgan Envelope Company against D. S. Walton & Co., and charged the defendants with the then use upon their packages of toilet paper of a wrapper or label which was a counterfeit of the plaintiff's wrapper or label. In their answer the defendants admitted that they were then so using, and intended to continue to so use, a wrapper or label which was substantially identical with that of the plaintiff; and they justified their use thereof on the ground that they were the original appropriators and users of the word "Columbia" as a trade-mark applied to tissue or toilet paper; and they set forth that, before the plaintiff had adopted its said wrapper or label, they (the defendants) had adopted and used, and thereafter continuously used, upon packages of toilet paper, their wrapper or label above described, a copy of which they attached to their answer. D. S. Walton & Co. then filed a cross bill against the

Morgan Envelope Company. The cause having been heard upon the pleadings, exhibits, and affidavits, on cross motions for preliminary relief, the court refused to grant a preliminary injunction against D. S. Walton & Co., under the prayer of the original bill, but, under the prayer of the cross bill, granted against the Morgan Envelope Company a preliminary injunction which restrains that company from applying its said wrapper or label to tissue or toilet paper, and from making any use of the word "Columbia" upon any wrapper or label applied to such paper.

Upon careful consideration of the facts, we find ourselves unable to concur in the conclusions which the court below reached. In Mill Co. v. Alcorn, 150 U. S. 460, 466, 14 Sup. Ct. 151, which involved the complainant's right to the exclusive use of the word "Columbia" as a trade-mark for flour of its manufacture, the supreme court of the United States decided that the general rule that a word in common use as designating locality, or section of a country, cannot be appropriated by any one as his exclusive trade-mark, applies to the word "Columbia." The court there declared:

"The appellant was no more entitled to the exclusive use of the word 'Columbia' as a trade-mark than he would have been to the use of the word 'America,' or 'United States,' or 'Minnesota,' or 'Minneapolis.' These merely geographical names cannot be appropriated and made the subject of an exclusive property. They do not, in and of themselves, indicate anything in the nature of origin, manufacture, or ownership; and in the present case the word 'Columbia' gives no information on the subject of origin, production, or ownership."

All this is strictly applicable here, and the ruling, we think, is decisive against the appellees' claim of right to the exclusive use of the word "Columbia" as a designation of tissue or toilet paper.

Nor can the injunction against the Morgan Envelope Company be sustained on the ground of unfair competition. Certainly the appellant is not justly chargeable, under the proofs, with bad faith or wrongful purpose. It has been guilty of no intentional unfairness. It has not employed imitative devices to draw trade from the appellees to itself. The appellant devised and adopted its label without knowledge of the appellees' label. For more than 10 years the appellant had continuously used its label in the course of trade without any information that the other label existed. Then there is no misleading similarity here. Save in the common use of the word "Columbia,"—which, as we have seen, is open to both parties,—the appellant's label and the appellees' original label are wholly unlike. Apart from the mere use of the word "Columbia," the appellees' original label, by reason of its characteristic arrangement, designs, and figures, no doubt constitutes a lawful trade-mark. So, likewise, the appellant's label involves a valid trade-mark; and, by the admissions contained in their answer, the appellees are infringers thereof. It follows, therefore, that the interlocutory order or decree must be wholly reversed. The interlocutory order or decree of the court below is reversed, and the injunction against the Morgan Envelope Company is dissolved; and the cause is remanded to the circuit court, with direction to grant a preliminary injunction against the firm of D. S. Walton & Co. in accordance with the views expressed in the foregoing opinion.