### LAMONT v. LEEDY et al.

(Circuit Court, D. Washington, N. D.   June 20, 1898.)

**1. TRADE-MARKS—WHAT MAY BE APPROPRIATED—DESCRIPTIVE TERMS.**

"Crystallized egg," being words in common use, cannot be appropriated as an exclusive trade-mark for egg meat preserved by secret process, and put up in cans and bottles, though they may not indicate with clearness or accuracy the character of the goods.

**2. SAME—UNFAIR COMPETITION.**

A bill for infringement of a trade-mark cannot be sustained as a bill to restrain unfair competition, when it does not allege that defendants have attempted or intend to practice any deceit for the purpose of selling defendants' goods as the goods of complainant.

This was a suit in equity by Charles Fred Lamont against John D. Leedy and others for alleged infringement of a trade-mark. The cause was heard on demurrer to the bill.

Humphries, Humphrey & Bostwick, for plaintiff.
White, Munday & Fulton, for defendants.

HANFORD, District Judge. This is a suit in equity to restrain infringement of an alleged trade-mark, and for an accounting, and to recover damages. The bill of complaint avers that the complainant, his predecessors and assignors, are and have been engaged in the business of preparing and selling an article of food consisting of egg meat, preserved by a secret process, and put up in cans and bottles, hermetically sealed, and have built up an extensive and profitable trade throughout the world, due in part to the merit and value of the product as an article of food, and in part to extensive advertising; that the product has been sold and advertised under the name of "crystallized egg," that being an arbitrary term, designed and used as a trade-mark by which the article manufactured by the complainant, his predecessors and assignors, would be known and recognized by consumers and the public; that said trade-mark is printed, embossed, and stamped upon all labels and brands placed upon the cans, bottles, boxes, and other receptacles of the article manufactured and sold by the complainant, and said words "crystallized egg" have also been duly registered as a trade-mark by the complainant in the United States patent office, pursuant to the act of congress providing for registering trade-marks, and in the office of the secretary of state of the state of Washington,

pursuant to a statute of the state of Washington, and in the dominion of Canada, pursuant to the laws of Canada. The gist of the complaint against the defendants is that they are engaged in the manufacture and sale of a food preparation consisting of preserved egg meat, in cans and boxes labeled "Leedy's Perfected Crystallized Egg," intending thereby to make the public believe that they have improved and perfected the goods sold by the complainant, in order to gain an advantage and reap profits from the advertising and business reputation of the complainant, and to attract the attention of consumers and the public from the complainant's business to their own business. The bill contains no averment that the defendants are using or will use labels, brands, or stamps in imitation of the labels, brands, or stamps placed upon complainant's goods, or that they are endeavoring to palm off upon the public their own goods as the goods manufactured by the complainant. The wrong complained of consists entirely in the use of the words "crystallized egg" as descriptive of the goods manufactured and offered for sale by the defendants. The defendants have demurred to the bill, and in the argument upon the demurrer they dispute the right of the complainant to appropriate to his exclusive use the words "crystallized egg" as a trade-mark. The words "crystallized egg" may not be well chosen to indicate with clearness or accuracy the character of the goods sold under that name, but they are suggestive of its general nature and character, and they do not, even in the remotest way, serve to identify the proprietorship or origin of the product. Being words of common and general use, they cannot be fairly appropriated to the exclusive use of the complainant as a trade-mark. The rules which must govern in deciding the question raised by the demurrer are given in the decisions of the supreme court of the United States in the cases of Goodyear's India Rubber Glove Mfg. Co. v. Goodyear Rubber Co., 128 U. S. 598–604, 9 Sup. Ct. 166, and Mill Co. v. Alcorn, 150 U. S. 460–467, 14 Sup. Ct. 151. In the latter case the opinion by Mr. Justice Jackson states the following as propositions established and settled by the prior decisions of the supreme court, viz.:

"(1) That to acquire the right to the exclusive use of a name, device, or symbol as a trade-mark it must appear that it was adopted for the purpose of identifying the origin or ownership of the article to which it is attached, or that such trade-mark must point distinctively, either by itself or by association, to the origin, manufacture, or ownership of the article on which it is stamped. It must be designed, as its primary object and purpose, to indicate the owner or producer of the commodity, and to distinguish it from like articles manufactured by others. (2) That if the device, mark, or symbol was adopted or placed upon the article for the purpose of identifying its class, grade, style, or quality, or for any purpose other than a reference to or indication of its ownership, it cannot be sustained as a valid trade-mark. (3) That the exclusive right to the use of the mark or device claimed as a trade-mark is founded on priority of appropriation; that is to say, the claimant of the trade-mark must have been the first to use or employ the same on like articles of production. (4) Such trade-mark cannot consist of words in common use as designating locality, section, or region of country."

The bill in this case cannot be sustained on the ground that a lawful trade-mark has been infringed. The right to use a trade-mark will not protect a monopoly of the trade in evaporated eggs.

The bill is also insufficient to entitle the complainant to relief on the ground that the defendants have injured or intend to injure them by deceitfully misrepresenting and marketing their product as the product sold by the complainant under the name of "crystallized egg," for the reason that it is not shown that the defendants have attempted to or intend to practice such deceit; on the contrary, the bill plainly charges that the defendants are trying to divert public attention from the complainant's goods to their own production. In the case of Goodyear's India Rubber Glove Mfg. Co. v. Goodyear Rubber Co., in the opinion of the court by Mr. Justice Field it was said that:

"The case at bar cannot be sustained as one to restrain unfair trade. Relief in such cases is granted only where the defendant, by his marks, signs, labels, or in other ways, represents to the public that the goods sold by him are those manufactured or produced by the plaintiff, thus palming off his goods for those of a different manufacture, to the injury of the plaintiff. McLean v. Fleming, 96 U. S. 245; Sawyer v. Horn, 4 Hughes, 239, 1 Fed. 24; Perry v. Truefitt, 6 Beav. 66; Croft v. Day, 7 Beav. 84. There is no proof of any attempt of the defendant to represent the goods manufactured and sold by him as those manufactured and sold by the plaintiff; but, on the contrary, the record shows a persistent effort on its part to call the attention of the public to its own manufactured goods, and the places where they are to be had, and that it has no connection with the plaintiff."

Demurrer sustained.