# IN RE CENTRAL CONSUMERS COMPANY.

---

### TRADEMARKS.

1. Registration of the word "Nextobeer," as a trademark for a malt beverage containing 2 per cent alcohol is properly refused by the Commissioner of Patents on the ground that the mark is descriptive of the character or quality of the goods upon which it is used.

2. By the trademark act it is intended to limit the selection of marks for registration to mere arbitrary words or designs, the value of which will consist alone in their becoming fixed in the public mind through continued use on the goods of the owner, and not to permit marks to be registered which are such as will in themselves enhance the sale or value of the article to which they are applied.

No. 550.   Patent Appeals.   Submitted January 13, 1909.   Decided February 2, 1909.

HEARING on an appeal from a decision of the Commissioners of Patents rejecting an application for the registration of a trademark.                                *Affirmed.*

The facts are stated in the opinion.

*Mr. George R. Hamlin* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents refusing to register, as a trademark for a non-intoxicating malt beverage, the word "Nextobeer." Registration was refused for the reason that the mark is descriptive of the character or quality of the goods upon which it is used.

It is well settled that a device, mark, or symbol which identifies the class, grade, style, or quality of the goods on which it is used is not subject to registration. *Columbia Mill Co.* v. *Alcorn,* 150 U. S. 460, 37 L. ed. 1144, 14 Sup. Ct. Rep. 151. Neither are words that are merely descriptive of the character, qualities, or composition of an article registerable. *Brown Chemical Co.* v. *Meyer,* 139 U. S. 540, 35 L. ed. 247, 11 Sup. Ct. Rep. 625. Nor can a generic name descriptive of the qualities, ingredients, or characteristics of an article be registered. *Delaware & H. Canal Co.* v. *Clark,* 13 Wall. 311, 20 L. ed. 581.

The beverage on which it is proposed to use the mark here in question is described as a malt product containing 2 per cent alcohol. Beer is a malt product containing about 4 per cent alcohol. It requires no stretch of the imagination to understand how the public would at once draw the inference it is manifestly intended it should draw from the use of this mark, that the beverage on which it is used is almost the same as beer, or a good substitute for beer, or possesses almost the same ingredients and qualities as beer. Such a mark comes clearly within the prohibition of the statute.

It was evidently the intention of Congress, in placing these restrictions in the trademark act, to prohibit anyone from acquiring a property right, protected by law in its exclusive use, in a name possessing any inherent signification that would, of itself, enhance the sale or value of the article or articles to which it may be applied. In other words, it was intended to limit the selection to mere arbitrary words or designs, the

value of which should consist alone in their becoming fixed in the public mind through continued use on the goods of the owner. It was not intended that the mark should lend value to the goods, but that the quality of the goods and the reputation of the owner should ultimately make the mark valuable as a symbol in the connection in which it may be used.

The decision of the Commissioner is affirmed, and the clerk is directed to certify these proceedings as by law required.

*Affirmed.*