# IN RE ANTI-CORI-ZINE CHEMICAL CO.

### TRADEMARKS.

1. **A mark** will not be sustained at common law as a trademark, where it suggest neither origin, manufacture, nor ownership, but, on the contrary, is suggestive of the quality of the goods upon which it is stamped, and was evidently selected for that reason, and no other.

2. The trademark act of Congress did not create trademarks, but merely provided for their registration; and it prohibits the registration of a mark which is merely descriptive of the goods or quality of the goods with which it is used. (Citing *Re American Circular Loom Co.* 28 App. D. C. 450; *Winchester Repeating Arms Co.* v. *Peters Cartridge Co.* 30 App. D. C. 505; *Re Central Consumers' Co.* 32 App. D. C. 523; *Re New South Brewery & Ice Co.* 32 App. D. C. 591.)

3. *Semble,* that a mark primarily intended to suggest origin or ownership, and only secondarily descriptive or suggestive of quality, is registerable under the trademark acts of Congress.

4. The word "Getwell," as applied to medicines, being descriptive of the goods to which it is applied, is not registerable as a trademark un-

der the trademark act. It constitutes an advertisement, and not a trademark.

No. 596. Patent Appeals. Submitted November 15, 1909. Decided December 7, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for registration of a trademark. *Affirmed.*

The facts are stated in the opinion.

*Mr. Arthur Steuart, Mr. John Emory Cross,* and *Mr. Edwin F. Samuels* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal by the Anti-Cori-Zine Chemical Company from a decision of the Commissioner of Patents refusing registration of the word "Getwell," printed on a fanciful background as a trademark to be applied to certain medicines.

The exclusive right to the use of this mark would not be sustained at common law, because primarily it suggests neither origin, manufacture, nor ownership, but on the contrary is suggestive of the quality of the goods upon which it is stamped, and was evidently selected for that reason, and no other. *Columbia Mill Co.* v. *Alcorn,* 150 U. S. 463, 37 L. ed. 1146, 14 Sup. Ct. Rep. 151; *Brown Chemical Co.* v. *Meyer,* 139 U. S. 540, 35 L. ed. 247, 11 Sup. Ct. Rep. 625. We have frequently said that the trademark act did not create trademarks; it merely provided for their registration. The act has so frequently received our consideration that we do not deem it necessary to answer in detail the contentions of counsel for appellant in this case. No new questions have been raised, nor is the case, in our view, at all difficult of determination.

Sec. 5 of the trademark act provides, *inter alia,* that no mark

consisting "merely in words or devices which are descriptive of the goods upon which they are used, *or of the character or quality of such goods,"* shall be registered. We held in a recent case (*Re Central Consumers' Co.* 32 App. D. C. 523) that it was evidently the intent of Congress to declare against the acquisition of a property right by anyone in a name possessing such inherent signification as would enhance the sale or value of the goods upon which it was stamped. Registration was accordingly refused the mark "Nextobeer," as being suggestive of quality. See also *Re American Circular Loom Co.* 28 App. D. C. 450; *Winchester Repeating Arms Co.* v. *Peters Cartridge Co.* 30 App. D. C. 505; *Re New South Brewery & Ice Co.* 32 App. D. C. 591.

The provision of the act above quoted prohibits the registration of a mark which is merely descriptive of the goods, or quality of the goods, with which it is used. Doubtless this provision would permit the registration of a mark primarily intended to suggest origin or ownership, and only secondarily descriptive or suggestive of quality. But that is not this case. "Getwell" is the predominant and almost the sole feature of the mark, and, as applied to medicines, is primarily and obviously intended to be descriptive of their quality. In other words, it constitutes an advertisement, and not a trademark. Every other dealer has the right to use these words in vending his goods, without the liability of molestation by this applicant. We have previously remarked that the range in the selection of trademarks is as broad as the human imagination. It is manifest, therefore, that one who seeks a monopoly of words in common use, and that are primarily descriptive of quality, is not entitled to special consideration. If the remedies of this applicant possess the virtues indicated by this mark, they will soon become known to the public by any fanciful and legitimate mark which may be selected. He is certainly not entitled to a monopoly of any part of the English language, when the granting of such monopoly would give him an undue advantage over his competitors. Courts are ever ready to protect the honest trader from those who would take advantage of his reputation; and that is precisely the object of the trademark act. It permits the registra-

tion of all marks honestly intended to indicate the origin, owner-ship or manufacture of the goods upon which they are used. It would require quite a stretch of the imagination for us to hold that the mark here involved was selected for any of those reasons, and that it is not merely descriptive of quality. The decision is affirmed. The clerk will certify this opinion as by law required. *Affirmed.*