# CRESCENT OIL COMPANY *v.* W. C. ROBINSON & SON COMPANY.

---

### TRADEMARKS; PRIOR USE.

In a trademark interference proceeding involving priority in the adoption and use of the word "Autoline" or "Autolene" as a trademark for lubricating oils, evidence by one of the parties consisting of sales

memoranda and bills showing frequent sales made in a year prior to the adoption and use of the word "Autoline" by the other party, and thereafter, of oil designated as "Autolene," but not showing that the name was affixed to or marked upon the packages, is insufficient to show prior use of the name as a trademark. (Following *Battle Creek Sanitarium Co.* v. *Fuller,* 30 App. D. C. 411.)

Nos. 617 and 618.  Patent Appeals.  Submitted January 14, 1910.  Decided February 1, 1910.

HEARING on appeals from decisions of the Commissioner of Patents, one in a trademark interference case, and the other sustaining an opposition to registration of a trademark.

*Affirmed.*

The facts are stated in the opinion.

*Messrs. Minturn & Woerner* for the appellant.

*Messrs. Steuart & Steuart* and *Mr. John Emory Cross* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

A single question is involved in these two appeals, namely, priority in the adoption and use of the word "Autoline," or "Autolene" as a trademark for lubricating oils. The W. C. Robinson & Son Company filed an application for the registration of "Autoline" as a trademark on May 25th, 1905, and secured registration on November 7, 1905. The Crescent Oil Company filed an application for the registration of "Autolene" on February 18, 1908. The Robinson Company filed an opposition to the registration, and an interference was also declared between the parties. By stipulation, the evidence was taken in one case and used in both. Both cases were decided in favor of the W. C. Robinson & Son Company. No. 617 is the appeal in the opposition case and No. 618 is the appeal in the

interference case.    Both were argued and submitted together.

The ·evidence on behalf of the W. C. Robinson & Son Company shows that it adopted and commenced the use of the word "Autoline" as a trademark, plainly affixed to the packages of their goods, in April, 1905, and has continued that use since that time.    Large sales of the goods have been made throughout the country.    Its registration and evidence of use made it necessary for the Crescent Oil Company to prove a like use of the word "Autolene" prior to the date of adoption and use by its opponent.    The Examiner of Interferences and the Commissioner concurred in holding that the evidence failed to establish the fact, and we find no error in their conclusion.

The Crescent Oil Company's evidence shows that it was incorporated in 1893 and has since been engaged in the sale of lubricating oil; whether of its own manufacture does not appear.    In 1903 it kept for sale more than thirty different kinds or qualities of oil.    Among these was a brand called "Autolene."    A number of sales memoranda and bills were ·produced showing frequent sales in 1903 and thereafter of oil designated as "Autolene."    The evidence does not show, however, that this name was affixed to, or marked upon, the packages.    It would seem that this fact, if a fact, might easily and certainly have been proved by the officers and agents of the company who testified in the case.    The most that can be said of this evidence is that it shows that the name was one adopted in the office and warehouse to indicate grade or quality.    This is not enough.    *Battle Creek Sanitarium Co.* v. *Fuller,* 30 App. D. C. 411–416.    As was said in that case (and the doctrine is well settled as shown by the authorities cited): "No trademark right grows out of the mere invention or discovery of the word or symbol, but out of its use as such.    *Trademark Cases,* 100 U. S. 82–94, 25 L. ed. 550–552.    To constitute a trademark use the mark must be attached or applied to the goods. *Columbia Mill Co.* v. *Alcorn,* 150 U. S. 460–464, 37 L. ed. 1144–1147, 14 Sup. Ct. Rep. 151.    Property in it can only be acquired by the actual application of it to goods of a certain class, so that it serves to indicate the origin of the goods;

that is to say, identify them with the particular manufacturer or trader, and to distinguish them from similar goods. *United States* v. *Braun,* 39 Fed. 775; 28 Am. & Eng. Enc. Law, p. 346. The mere advertisement of the words or symbol, without application to the goods themselves, is insufficient to constitute a trademark."

We find no error in the decisions appealed from, and that in each case will be affirmed. It is ordered that this decision be certified to the Commissioner in each case.          *Affirmed.*