## GEORGE B. GRAFF CO. v. H. C. COOK CO.
### (two cases).

(Court of Appeals of District of Columbia.
Submitted November 12, 1924. Decided December 1, 1924.)

### Nos. 1674, 1675.

**1. Trade-marks and trade-names and unfair competition ⊂⊃1—Object of "trade-mark" stated.**

The object of a trade-mark is to distinguish the goods to which it is applied from similar goods, and to identify them with a particular trader or his successors as owners of a par- · ticular business.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trade-Mark.]

**2. Trade-marks and trade-names and unfair competition ⊂⊃43—Manufacturer having stamped dealer's name on goods held estopped to register trade-mark under which goods were sold.**

Manufacturer, which stamped dealer's name on goods for eight-year period, *held* estopped to register trade-mark under which goods were sold.

Appeal from Commissioner of Patents.

Trade-mark interference proceeding · between the George B. Graff Company, for which the Graff-Underwood Company was

substituted, and the H. C. Cook Company. From a decision for the latter, the former appeals. Reversed.

H. A. Dodge, of Washington, D. C., and H. M. Holmes, of Boston, Mass., for appellant.

H. E. Rockwell and E. M. Bartholow, both of New Haven, Conn., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. These are trade-mark interference proceedings in which the Assistant Commissioner ruled that appellee was entitled to register the mark "Vise."

Originally Mr. Graff, as the exclusive licensee of the patentee, manufactured and sold paper clips under this trade-mark. In 1910 he sold his good will and business to the Cook Company. That company, failing to make a success of the business, entered into an arrangement with Graff in March of 1911, by which Graff undertook the sale of these clips, the same to be manufactured by the Cook Company. Thereafter, through quite extensive advertising and good business management, Graff built up a very considerable business, not only in these clips, but in other similar devices, all of which were sold under this trade-mark. The Graff Company and the Graff-Underwood Company have succeeded to the rights of Graff.

Early in 1913, Graff wrote the Cook Company, requesting that the clips have stamped thereon "my name, G. B. Graff Co., Boston." The company responded in part as follows: "We agree with you that it would be a good thing to have your name on the Vise clips for these reasons, but in looking over the article and the tools we see no way of getting it there without adding a whole lot to the cost, which is prohibitive. The boxes and containers both have your name and address." A short time thereafter, however, the Cook Company did stamp on the clips themselves the name of the Graff Company, and that practice continued until 1921, a period of about eight years, during which the public had a right to assume that the origin of the goods was the Graff Company, and not the Cook Company.

[1] The object of a trade-mark is to distinguish the goods to which it is applied from similar goods, and identify them with a particular trader or his successors as owners of a particular business. Elgin Nat. Watch Co. v. Ill. Watch Case Co., 179 U. S. 665, 21 S. Ct. 270, 45 L. Ed. 365; Columbia Mill Co. v. Alcorn, 150 U. S. 460, 14 S. Ct. 151, 37 L. Ed. 1144; Amoskeag Mfg. Co. v. Trainer, 101 U. S. 51, 25 L. Ed. 993; 38 Cyc. 678. It has been described as the commercial substitute for a signature, certifying to the genuineness of the goods to which affixed. See Menendez v. Holt, 128 U. S. 516, 9 S. Ct. 143, 32 L. Ed. 526.

[2] In the present case, for about eight years the public was given to understand that the origin or ownership of the goods, to which the mark was applied, was the Graff Company. Under such circumstances, we think the Cook Company is estopped to prevent the continued use of this mark by the Graff Company, provided the mark is so used as clearly to indicate that the product is that of the Graff Company. Under the original arrangement between Graff and the Cook Company, the company had the right to restrict Graff to the mere use of the mark, and, in addition, to insist that the name of the Cook Company appear as the source of the product. This the Cook Company did not do, but, on the contrary, permitted the Graff Company to build up a business upon the reputation of the latter company. Now to permit the Cook Company to register the mark, upon the basis of its exclusive right to use it, would be inequitable and violative of the underlying purpose of the Trade-Mark Act. See Hanover Milling Co. v. Metcalf, 240 U. S. 403, 36 S. Ct. 357, 60 L. Ed. 713.

The decision is reversed.

Reversed.