## CROWELL PUB. CO. v. ITALIAN MONTHLY CO., Inc.

District Court, S. D. New York. January 31, 1928.

614

White & Case, of New York City, for plaintiff.

De Pasquale & Marcantonio, of New York City (C. C. Cousins and F. H. La Guardia, both of New York City, of counsel), for defendant.

GODDARD, District Judge. The plaintiff, the publisher of "The American Magazine," makes this motion for a preliminary injunction restraining the defendant from publishing its magazine under the name of "The New American."

"The American Magazine's" outside cover consists of a vividly colored illustration upon a white background, with shaded type. The size of its pages is 8½ inches wide by 11½ inches long. It sells for 25 cents a copy, and has a circulation of upwards of 2,000,-000 copies among the general public. It has been published under the name of "The American Magazine" since 1906. "The New American" has outside covers of solid dark color, with black printing upon it; its pages are 6½ inches wide by 10 inches long. It sells for 50 cents a copy; its first issue was published in November, 1927; and it has a circulation of about 1,000 copies, principally among people of Italian origin, who have recently become American citizens, and it is for them that this magazine is intended. Both magazines are published monthly.

Suit is brought upon the ground that the plaintiff has a trade-mark in the name "The American Magazine," and that this trade-mark has been infringed by the defendant in publishing its magazine under the name "The New American," and on the further ground of the unfair competition of the defendant's magazine with that of plaintiff. Suits of the former class arose on the ownership of the trade-mark. Suits of the latter class are founded upon the damage to plaintiff's trade by the fraudulently passing off of the goods of one manufacturer for those of another. Shaver v. Heller & Merz (C. C. A.) 108 F. 821, 65 L. R. A. 878.

Generally speaking, geographical and descriptive words may not be appropriated for exclusive words as a trade-mark. Columbia Mill v. Alcorn, 150 U. S. 460, 14 S. Ct. 151, 37 L. Ed. 1144. But in instances where a geographical word is used, not in its descriptive sense, but has been selected merely as an arbitrary or fancy name, and after continued use it has acquired a secondary meaning, the right to it as a trade-mark has been upheld. Hamilton-Brown Shoe Co. v. Wolf Bros. & Co., 240 U. S. 251, 36 S. Ct. 269, 60 L. Ed. 629, in which the court held that the term "The American Girl" was subject to appropriation as a trade-mark by a manufacturer of shoes; Mr. Justice Pitney (240 U. S. at pages 256, 257 [36 S. Ct. 271]) stating—

"We do not regard the words 'The American Girl,' adopted and employed by complainant in connection with shoes of its manufacture, as being a geographical or descriptive term. It does not signify that the shoes are manufactured in America, or intended to be sold or used in America, nor does it indicate the quality or characteristics of the shoes. Indeed, it does not, in its primary signification, indicate shoes at all. It is a fanciful designation, arbitrarily selected by complainant's predecessors to designate shoes of their manufacture. * * * But 'The American Girl' would be as descriptive of almost any article of manufacture as of shoes; that is to say, not descriptive at all. * * *"

Mr. Justice Pitney also added that, if the mark here in controversy were "American Shoes," the result would be the other way.

Even be it assumed, for the purposes of this motion, that the plaintiff has the exclusive right to the words "The American Magazine" as a trade-mark, it seems to me that the defendant's name, "The New American," does not infringe; it would be extending plaintiff's exclusive right beyond a reasonable limit, particularly as there are and have been for many years publications using as a salient feature of their title the word "American," such as "America," "American Weekly," "American Boy," "The American Hebrew," "American Field," etc.

In so far as the plaintiff has a right to enjoin the defendant from publishing its magazine "The New American" on the ground of unfair competition, a comparison of the two magazines creates the impression that not only is the defendant not endeavoring to mislead the public into believing that, in buying its magazine "The New American," the purchaser was getting "The American Magazine," but also that the public is not likely to be misled. There is no resemblance between them; they differ in size, color, make-up, appearance, and character of contents. The price of "The New American" is 50 cents; that of "The American Magazine" is 25 cents. The contents of "The American Magazine" are intended for the general public; the contents of "The New Ameri-

can" are prepared especially with the view to a circulation among new citizens of Italian origin.

Motion for preliminary injunction denied.