28 C.C.P.A. (Patents)

## In re KRAFT-PHENIX CHEESE CORPORATION.

### Patent Appeal No. 4455.

Court of Customs and Patent Appeals.

June 9, 1941.

Cyril A. Soans and Wm. E. Anderson, both of Chicago, Ill., for appellant.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Judge.

Appellant filed its application with the United States Patent Office to register the word "Chantelle" under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., as a trade-mark for cheese. The examiner refused such registration on the ground that the word "Chantelle" is merely a geographical name which under section 5 of said act is forbidden registration. The examiner stated that the word "Chantelle" is found in Lippincott's Gazetteer where it is referred to as the name of a town in France with a population of 2,000; that he was unable to find any other meaning for the word, and that he presumed that it was a generally accepted geographical word.

Upon appeal, the Commissioner of Patents in his decision, affirming that of the examiner, had the following to say:

"Applicant points to several recent Patent Office decisions to the effect that the statutory prohibition against registration of 'merely a geographical name or term' is inapplicable unless such name or term has a generally accepted geographical significance, and argues that 'Chantelle' should thus be held registrable because its meaning is perhaps not widely known. However, as was stated by the Court of Appeals of the District of Columbia in the case of In re Crescent Typewriter Supply Co., 30 App.D.C. 324, the 'provision of the statute is broad enough to prohibit the use of any word that has an exclusive geographical significance'; and in such cases there would seem to be no room for exception.

If a word has no other meaning it is necessarily 'merely' geographical, regardless of the extent to which it is known.

"It is stated in applicant's brief that 'we find "Chantelle" to be a French word meaning a feudal collector of taxes who has the right to live and operate in a feudal manor.' No publication is cited in support of this statement, however, and no such definition appears in modern French dictionaries."

Upon petition for rehearing the commissioner made the following observation:

"In a decision rendered January 24, 1940, I affirmed the examiner's ruling, observing that 'Chantelle' is the name of a town in France and appears to have no other meaning. In support of the petition for rehearing attention is directed to a French dictionary, published in 1771, wherein the word is defined as a term referring to customs, and in certain provinces is said to mean 'a personal tax to the lord from his bond-servants because of their servitude to him, giving them the permission to live on his land and to possess certain inheritances.'

"As stated in my previous decision with respect to another asserted meaning of the word, 'no such definition appears in modern French dictionaries;' and whatever significance it may have had a century and a half ago, 'Chantelle' is now the name of a town in France, has no other meaning, and is 'merely' geographical."

Appellant has appealed here, and in its original brief and its brief in reply to the solicitor's brief argues at considerable length that "Chantelle," although the name of a town in France, is not merely geographical for reasons stated in its petition for rehearing before the commissioner, and argues that:

"There is no town or place named 'Chantelle' in the United States or in any of its territorial possessions. So far as we know the small town in France to which the Examiner has referred is the only place in the world bearing the name 'Chantelle.'

"The village of 'Chantelle' is not shown in the well known World Atlas published by the Literary Digest in the year 1931. We have examined all of the school Atlases and geographies used in the Chicago schools, but have not found it mentioned in any of them.

"The name 'Chantelle' was not found in any modern English or French dictionary."

It further argues that the word "Chantelle" has no geographical significance to people of the United States and that the only purpose of the use of the term as a trade-mark is to designate the origin of the cheese produced by appellant in Illinois. A number of decisions are relied upon for support, none of which we think sustain appellant's contention.

The record discloses nothing, and we have found nothing elsewhere, which indicates that the term "Chantelle" means anything other than the name of a town in France. We have not examined the French authority published in 1771 which, according to appellant, defined the term as relating to some kind of tax. It was pointed out by the commissioner in his decision on the petition for rehearing that no such definition appears in any modern French dictionary "and whatever significance it may have had a century and a half ago, 'Chantelle' is now the name of a town in France, has no other meaning, and is 'merely' geographical."

We are in full accord with the views expressed by the commissioner and the fact that the town is little known in this country does not change the situation. The statute, in prohibiting the registration of geographical terms made no exemption in favor of those which lacked importance or of those which were not well known by the people in this country. The Patent Office and the courts are not privileged to read unwarranted exemptions into the act.

It would seem that the correct decision of the issue is so clear that no extended citation of authority is required. We think, however, that the following cases support our conclusion: Elgin National Watch Company v. Illinois Watch Case Company et al., 179 U.S. 665, 21 S.Ct. 270, 45 L.Ed. 365; Montevallo Mining Company v. Little Gem Coal Co. et al., 57 App.D.C. 100, 17 F.2d 688; In re Crescent Typewriter Supply Co., 30 App.D.C. 324; In re California Perfume Co., Inc., 56 F.2d 885, 19 C.C.P. A., Patents, 1028 and Columbia Mill Co. v. Alcorn, 150 U.S. 460, 14 S.Ct. 151, 37 L. Ed. 1144, and cases therein cited.

The decision of the Commissioner of Patents is affirmed.

Affirmed.