ALASKA NORTHWEST PUBLISHING
CO., an Alaska corporation,
Plaintiff,
v.
A. T. PUBLISHING CO. and Frank
Martone, Defendants.
No. A–94–70.

United States District Court,
D. Alaska.
Nov. 30, 1970.

W. C. Arnold, Anchorage, Alaska,
Ford E. Smith, Seattle, Wash., for plain-
tiff.

Edgar Paul Boyko, Anchorage, Alas-
ka, for defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

Plaintiff, Alaska Northwest Publishing Company, has filed an action in this Court against defendants, A. T. Publishing Company and Frank Martone, alleging infringement of a trademark and unfair competition. Defendants have moved to dismiss and plaintiff has moved for summary judgment.

In January, 1935, plaintiff began publication of a magazine entitled the "ALASKA SPORTSMAN." Alaska Northwest Publishing Company's publication of that magazine has continued to the present date. Since 1935 four United States trademarks have been issued to plaintiff. The first three of these trademarks were registered under the mark "ALASKA SPORTSMEN." The marks deviated in that the first mark to be registered was written in script type. The second mark was written in bold face type. The third mark to be registered was also written in bold face type. However, it differed from marks one and two in that the word "ALASKA" was many times larger than the word "SPORTSMAN." On August 18, 1970, plaintiff registered the trademark "ALASKA."

Defendants commenced publishing a magazine entitled "This Month in Alaska" about January 1, 1969. In November, 1969, defendants began to display on the cover of their magazine the title "THIS ALASKA," with the word "THIS" much smaller than the word "ALASKA" causing the word "ALASKA" to stand out. Defendants have a Certified Trademark Registration issued by the State of Alaska on June 5, 1970, registering the mark "THIS ALASKA."

Plaintiff alleges that since November, 1958, it has conducted a program of transition wherein the trademark "ALASKA SPORTSMAN" was generally but perceptively changed to emphasize entirely the word "ALASKA" and to deemphasize the word "SPORTSMAN."

Plaintiff also contends that defendants by copying the title of plaintiff's magazine are consciously and wilfully attempting to pass defendants' magazine, "THIS ALASKA" for plaintiff's magazine, "ALASKA." Furthermore, plaintiff asserts that such acts on the part of the defendants constitute trademark infringement under the laws of the United States and the State of Alaska, and that defendants' acts constitute unfair trade practices and unfair competition against plaintiff.

This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1338, which provides: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks." The power of Congress to legislate on the subject of trademarks is limited to such as arises from the authority to regulate commerce with foreign nations, with the Indian tribes, and among the several States. United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 99, 39 S.Ct. 48, 63 L. Ed. 141 (1918). 15 U.S.C. § 1114(1) provides that any person who without the consent of the registrant "use(s) in commerce" any reproduction, etc. which is likely to cause confusion, mistake or deceive shall be liable in a civil action by the registrant. A mark is deemed to be used in commerce when it is placed on goods and transported in commerce. 15 U.S.C. § 1127. Defendants in this case admit that a small number of copies of the magazine "THIS ALASKA" may have been mailed to buyers outside the State of Alaska. In fact, defendants advertise their magazine as available by subscription at $5.00 per year in Alaska, $6.00 per year in other states, and $7.00 per year in Canada and Mexico. This Court finds that defendants' magazine has been "transported in commerce" and holds that it has jurisdiction of plaintiff's trademark infringement claim and the claim of unfair competition. Drop Dead Co. v. S. C. Johnsen & Son, Inc., 326 F.2d 87, 93–94 (9th Cir. 1963), cert. denied, 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 177 (1964).

■ In order for plaintiff to prevail in this case it must show 1.) that the word "ALASKA" is capable of exclusive appropriation or that, 2.) though not capable of exclusive appropriation, it has acquired a "secondary meaning" and that the name and characterization of defendant's magazine, "THIS ALASKA", is so similar to that of plaintiff that plaintiff's customers or potential customers are likely to confuse the two. See American Plan Corp. v. State Loan & Finance Corp., 365 F.2d 635, 637 (1965), cert. denied, 385 U.S. 1011, 87 S.Ct. 719, 17 L.Ed.2d 248 (1967).

■ Public policy has directed that the exclusive right to the use of a mark or symbol claimed as a trademark cannot consist of words in common use as designating locality, section, or region of the country. Columbia Mill Co. v. Alcorn, 150 U.S. 460, 464, 14 S.Ct. 151, 37 L.Ed. 1144 (1893). Geographical names are non-exclusive when they are descriptive of a locality or the origin of a product. Thus, the magazine title "ALASKA", named after the State of Alaska, is not capable of exclusive appropriation by the plaintiff. As the United States Supreme Court stated in Columbia Mill Co. v. Alcorn, 150 U.S. 460, 466, 14 S.Ct. 151, 153 (1893), the plaintiff "was no more entitled to the exclusive use of the word 'Columbia' as a trade-mark than he would have been to the use of the word 'America,' or 'United States,' or 'Minnesota,' or 'Minneapolis.' These merely geographical names cannot be appropriated, and made the subject of an exclusive property."

■ The next question before the Court is whether plaintiff's magazine "Alaska" has acquired a secondary meaning when used in relation to the publication of magazines. The evidence is that for years plaintiff's publication was known to its customers as the "ALASKA SPORTSMAN." Doubtless, it is this name which was most well known. In fact, it was not until October, 1969, that plaintiff entirely omitted the word "SPORTSMAN" from the magazine's title. Also, defendants began using the title "THIS ALASKA" for their monthly publication on November 19, 1969, almost at the same time that the plaintiff dropped the word "SPORTSMAN."

In Atlantic Monthly Co. v. Frederick Ungar Publishing Co., 197 F.Supp. 524 (S.D.N.Y.1961), for plaintiff brought an action against defendant for trademark infringement and unfair competition of plaintiff's magazine the "Atlantic Monthly" or "Atlantic." In that case the Court held that the title "Atlantic" had acquired a secondary meaning. However the facts of that case may be distinguished from the case at bar. There the secondary meaning of plaintiff's magazine had been firmly embedded in the public mind in the more than 100 years of use and recognition of the "Atlantic Monthly." In the case at bar, plaintiff had used the title "ALASKA" only for a period of ten months. It is noted that the defendants began use of the title "THIS ALASKA" at about the same time plaintiffs commenced use of the title "ALASKA."

Considering these factors, this Court holds that the magazine title "ALASKA" has not acquired a secondary meaning.

Therefore, it is ordered:

1. Plaintiff's motion for summary judgment is denied.

2. Defendants' motion to dismiss is granted.

3. Defendants' motion for extension of time to respond to (1) plaintiff's motion for summary judgment, and (2) plaintiff's request for admissions, is denied as being moot.

4. Defendants' counsel forthwith may prepare an appropriate judgment form.