# TIM & COMPANY *v.* CLUETT, PEABODY, & COMPANY.

---

TRADEMARKS; DESCRIPTIVENESS; OPPOSITION; INTEREST OF OPPOSER; THIRD PERSONS.

1. The fact that a mark is geographical and descriptive does not preclude its registration under the ten-year clause of the trademark act. (Citing *Re Cahn,* 27 App. D. C. 173; *Battle Creek Sanitarium Co.* v. *Fuller,* 30 App. D. C. 411.)

2. Where an article is known by a certain name, and the registration of that name is sought under the ten-year clause of the trademark act, an opposition based upon the manufacture and sale of such article during the ten-year period is sufficient. (Citing *Natural Food Co.* v. *Williams,* 30 App. D. C. 348; and *H. W. Johns-Manville Co.* v. *American Steam Packing Co.* 33 App. D. C. 224.)

3. The registration of the word "Troy" as a trademark for men's outer shirts and collars, under the ten-year clause of the trademark act, will not be denied upon opposition wherein the opposer alleges merely that 90 per cent of the collars and a large percentage of the shirts made in the country are made by manufacturers, including the opposer, in the city of Troy, New York, and that it has advertised and sold shirts and collars as Troy products, by marking its boxes and packages with its name followed by the words, "Troy, N. Y.," where it has not used the word as a mark on its shirts and collars. (Citing *McIlhenny* v. *New Iberia Extract of Tobasco Pepper Co.* 30 App. D. C. 337; *Battle Creek Sanitarium Co.* v. *Fuller,* 30 App. D. C. 411; and *Underwood Typewriter Co* v. *A. B. Dick Co.* 36 App. D. C. 175.)

4. An opposer who shows no personal interest in the subject-matter, which will preclude the registration of a mark under the ten-year clause of the trademark act, cannot assert the use of the mark by third

persons in support of his opposition, since the statute limits the right to be heard to those having an interest in the subject-matter, and the interests of the public are under the protection of the Commissioner of Patents.

No. 902.   Patent Appeal.   Submitted March 10, 1914.   Decided April 6, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining an opposition to the registration of a trademark.                                        *Reversed.*

The COURT in the opinion stated the facts as follows:

Appeal from a decision of the Commissioner of Patents sustaining the opposition of Cluett, Peabody, & Company, appellee, to the registration to the appellant, Tim & Company, under the ten-year clause of the trademark act, of the word "Troy" as a trademark for men's outer shirts and collars.

The opposer is a New York corporation engaged in the manufacture of men's outer shirts and collars at Troy, New York, where the applicant's factory is located. In its notice of opposition the opposer set forth that 90 per cent of the collars and cuffs and a large percentage of the shirts made in the United States are made in that city, and hence that Troy has come to be known as the collar city; that prior to the date of the alleged adoption and use of the mark "Troy" by the applicant, and during said ten-year period, opposer "advertised and sold shirts, collars, and cuffs as Troy products," by marking its boxes and packages, "Cluett, Peabody, & Co., Troy, N. Y.;" that registration to the applicant of the word "Troy" would be an irreparable injury to petitioner, as well as to other shirt, collar, and cuff manufacturers of the city of Troy, New York; and that the registration or the exclusive use of the said word "Troy" by said Tim & Company would be against public policy, and injurious to the public at large throughout the United States. It is then averred that various other named parties have used the word "Troy" in the shirt and collar business, either as a

trademark or in advertising their goods. To this notice of opposition a demurrer was interposed which the Examiner of Interferences sustained. His decision having been reversed, an answer was filed by the applicant and evidence taken. The evidence tended to show, and it is admitted, that the opposer has used the words "Cluet, Peabody, & Co., Troy, N. Y.," on boxes and packages containing men's outer shirts and collars, in the usual and regular order of business. In the view we take of the case it is unnecessary to consider the evidence as to the use of the mark by third parties.

*Mr. Clair W. Fairbank* for the appellant.

*Mr. Frank C. Curtis* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

In *McIlhenny* v. *New Iberia Extract of Tobasco Pepper Co.* 30 App. D. C. 337, it was ruled that a petition for the cancelation of a trademark must contain a statement of facts sufficiently full to show that the petitioner has been injured by the registration of the mark he seeks to have canceled, that is, that he has sustained an injury of a legal character. In *Battle Creek Sanitarium Co.* v. *Fuller,* 30 App. D. C. 411, an opposition to the registration of a mark under the ten-year clause, the court pointed out that it is not sufficient for an opponent to say he believes he would be damaged by the proposed registration, but that "he must allege some fact showing an interest in the subject-matter, from which damage might be inferred." In that case the opposer had alleged use of a mark in its advertising matter. The court said: "To constitute a trademark use, the mark must be attached or applied to the goods. *Columbia Mill Co.* v. *Alcorn,* 150 U. S. 460, 464, 37 L. ed. 1144, 1146, 14 Sup. Ct. Rep. 151. Property in it can only be acquired by the actual application of it to goods of a certain class, so that it serves to indicate the origin of the goods; that is to say, identify them with the particular manufacturer or trader, and to dis-

tinguish them from similar goods." In *Underwood Typewriter Co.* v. *A. B. Dick Co.* 36 App. D. C. 175, an opposition to the registration of a trademark, on the ground that it had become public property by reason of the expiration of the patent upon the machine to which the trademark was attached, it was ruled that the notice of opposition was fatally defective. The court said: "The sole ground of opposition therefore is that the trademark of the proponent has become public property by reason of the expiration of the patent upon the machine. If the opponent has the right to oppose the registration, any other person could be recognized to make the same opposition in the public interest, which, so far as the pleading is concerned, is all that is involved."

Of course, where an article is known by a certain name and the registration of that name is sought under the ten-year clause, an opposition based upon the manufacture and sale of said article is sufficient. Thus, in *Natural Food Co.* v. *Williams,* 30 App. D. C. 348, the opposition to the registration of the words, "Shredded Whole Wheat," as a trademark, was sustained because it appeared that the opposer, during the ten-year period, had produced that article of food and sold it under the name by which it was known to the public. While in that case the opposer's use of the mark was not a trademark use, it was a use inconsistent with the proposed registration, and one of which it could not be deprived by the applicant. The words, "Shredded Whole Wheat," represented a *thing* which others had a right to produce and sell, and hence the applicant was not entitled to their exclusive use. See also *H. W. Johns-Manville Co.* v. *American Steam Packing Co.* 33 App. D. C. 224.

In the present case the applicant and opposer are both manufacturers of shirts and collars. The applicant has attached the word "Troy" to its goods as a trademark, and claims the right to registration under the ten-year clause. It is no objection to the registration of the mark under this statute that it is geographical and descriptive. *Re Cahn,* 27 App. D. C. 173; *Battle Creek Sanitarium Co.* v. *Fuller,* 30 App. D. C. 411. The opposer has not used this mark on its shirts and collars. Indeed,

it has not used it as a trademark at all.   It has merely informed the public that its place of manufacture is at Troy, New York. Obviously, this use of the word "Troy" does not distinguish its product from that of the many other shirt and collar manufacturers of the same city.   Nor was it intended that it should. Its use of the word was a mere incident to its location, and not to identify its product.   Every other Troy manufacturer of other articles or commodities probably used the word in exactly the same way, and its registration to the applicant would in no way interfere with or curtail that use.   It necessarily follows from what we have said that the averments in the opposer's notice of opposition fail to show such an interest in this mark as entitles it to be heard.   The averments as to use by third parties are of no avail.   The statute limits the right to be heard to those having an interest in the subject-matter.   The interests of the public are under the protection of the Commissioner of Patents.

The notice of opposition should have been dismissed.   Decision reversed.                              *Reversed.*

On April 13, 1914, a motion for a rehearing was denied.

Mr. Justice ANDERSON, of the supreme·court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the absence of Mr. Chief Justice SHEPARD.