(35 Misc. Rep. 441.)

## OMEGA OIL CO. v. WESCHLER et al.

(Supreme Court, Special Term, New York County. July, 1901.)

1. TRADE-MARK—INJUNCTION.

   The owners of a trade-mark named "Omega Oil" manufactured a liniment green in color, and for which green had been adopted as a distinctive mark. Defendants manufactured a green medicated soap. employing therein a small quantity of Omega Oil, and put the soap up in a green box and wrapper. *Held*, that defendants would be restrained from using the words "Omega Oil" as a part of their designation of the manufacture as liniment and soap.

2. SAME.

   Defendants would not be restrained from using the green color in the soap or on the wrapper or the boxes if the words constituting plaintiff's trade-mark were omitted from the soap.

Action by the Omega Oil Company against J. Charles Weschler and others. Motion by plaintiff to continue temporary injunction. Injunction modified.

Guggenheimer, Untermyer & Marshall (Louis Marshall, of counsel), for plaintiff.

Weschler & Burstein (J. Charles Weschler, of counsel), for defendants.

BLANCHARD, J.   This is a motion to continue during the pendency of this action a temporary injunction heretofore granted herein, restraining the defendants from using the words "Omega Oil" or the word "Omega" as a designation of any soap, or from advertising or representing its soap as composed of "Omega Oil" as one of its constituents, or from using such words in connection with any wrapper or box in which soap is packed, or from selling or exposing for sale any soap packed in a green box or package.   It appears from the papers that the plaintiff is the manufacturer of a liniment known as "Omega Oil," which name was created by the plaintiff, and nearly $300,000 has been expended in advertising the name and the qualities it is supposed to possess.   The plaintiff has adopted green as the distinctive color of its advertisements and labels, and the liniment itself is green.   It is claimed by the plaintiff that this Omega Oil possesses certain curative qualities, and it has been advertised as a remedy for skin and scalp diseases, for sore and perspiring feet, and other ailments.   Omega Oil has thus become well and favorably known to the public, and a large demand therefor created.   The defendants have put upon the market a soap which they term "Omega Oil Medicated Soap," and claim it to be useful for skin and scalp troubles.   The soap is green in color, as are likewise the paper wrapper in which each cake is inclosed, and the box in which the cakes are packed.   That the plaintiff has a valid trade-mark in the name "Omega Oil" is beyond dispute, and it does not seem to be questioned by defendants, but it is claimed the exclusive use of this name is limited to an article of the same class as that to which it has been applied by plaintiff, i. e. a liniment, and that a soap is of a different class, and that therefore plaintiff's trade-mark does not extend to the use of the words as adopted by defendants

and applied to a soap. It was conceded upon the argument hereof by defendants' counsel that defendants had adopted the words "Omega Oil" because they had become well known to the public. The equities of the case are clearly with the plaintiff. I am satisfied from the proof here submitted that the articles, i. e. liniment and soap, are not of such a different character as will permit the · defendants the use of the name created and made valuable by plaintiff. The liniment may have a much broader application than the soap, but it also possesses to a certain extent the qualities of the soap, and is used for many of the same purposes. In the case of Carroll v. Ertheiler (C. C.) 1 Fed. 688, the complainants, having the right to the use of the words "Lone Jack" as applied to smoking tobacco, succeeded in restraining the defendant's appropriation of those words to cigarettes, even though an accompanying device employed by the complainants was omitted by defendant. In the case of Church & Dwight Co. v. Russ (C. C.) 99 Fed. 276, it was held that the complainant, the owner of a certain brand of baking soda, had the right to restrain defendant, who manufactured baking powder composed of 25 per cent. of plaintiff's baking soda, from using its trade-mark. It was held that baking soda and baking powder, coming in direct competition with each other in sale and use for the same purpose, belong to the same class of goods. Judge Baker, in his opinion, said:

"The public would readily suppose that the baking powder bearing the complainant's trade-mark was either manufactured by it or by some one having its authority and consent, and that it vouched for the superiority and high character of the goods bearing such trade-mark. Goods are in the same class whenever the use of a given trade-mark or symbol, or both, would enable an unscrupulous dealer readily to palm off on the unsuspecting purchaser the goods of the infringer as the goods made by the owner of the trade-mark or with his authority and consent."

The reasoning of this decision obviously applies in the case before me. Under this decision there is no force in defendants' contention that, because of the alleged use in small quantities of plaintiff's liniment in the manufacture of their soap, defendants had the right to appropriate plaintiff's trade-mark. The adoption of the words "Omega Oil" by defendants was calculated to deceive the public into the belief that plaintiff's article was being put up for sale in another form, at least into the belief that soap was placed on the market by plaintiff or by its consent. The adoption of green as the color of the soap, and the green wrapper and box, by defendants, tended to further such deception, green being the distinctive color of plaintiff's liniment and of the labels on its bottle. Defendants' object in choosing the name and color of its soap is manifest, and, so far as I can see, for but a single purpose, and, as stated by Judge Lacombe in the case of N. K. Fairbank Co. v. R. W. Bell Mfg. Co., 23 C. C. A. 554, 77 Fed. 869, "that purpose a species of competition in trade which courts of equity hold to be unfair." If the words constituting plaintiff's trade-mark be omitted from the soap, the mere use of the color green in the soap or on the wrapper or box cannot be enjoined. Fischer v. Blank, 138 N. Y. 244, 249, 33 N. E. 1040. To this extent the temporary injunction heretofore issued

must be modified. Defendants' contention that plaintiff should be denied relief by this court because it is not here "with clean hands," by reason of its alleged misrepresentation to the public that one of the component parts of Omega Oil is a green herb grown in Switzerland, cannot be sustained. The proof on the part of the plaintiff is that such an herb is used in the manufacture of the Omega Oil. In the face of this positive affirmative averment of the presence of the herb, I would not be justified in concluding its absence merely from the chemical analysis of plaintiff's expert. An order may be presented continuing the injunction pendente lite, except with the modification indicated. Plaintiff may have $10 costs of the motion, to abide the event.

Injunction modified and continued, with $10 costs to abide event.