DENVER GAS & ELECTRIC LIGHT CO. v. ALEXANDER LUMBER CO.

(Court of Appeals of District of Columbia. Submitted November 8, 1920. Decided January 3, 1921.)

No. 1324.

1. Trade-marks and trade-names ⬤➡43—Portable buildings manufacturer may have same trade-mark as building material manufacturer.

Portable buildings, ready-cut frame buildings, and knockdown frame buildings do not possess the same descriptive properties as building construction materials, such as roofing pitch, roofing compounds, paints, and other products, so that a manufacturer of the portable buildings can have registered as a trade-mark a mark similar to that used by the manufacturer of the building materials.

2. Trade-marks and trade-names ⬤➡44—Enumeration of uses substantially excludes other uses.

An applicant for a trade-mark, who enumerates the articles to which the mark is to be applied as knockdown frame buildings, portable buildings, and ready-cut buildings, substantially complies with the opposer's request that the applicant state that no claim is made to the mark in connection with building materials similar to opposer's.

Appeal from the Commissioner of Patents.

Application by the Alexander Lumber Company for registration of a trade-mark, opposed by the Denver Gas & Electric Light Company. From a decision of the First Assistant Commissioner of Patents, dismissing the opposition, the opposer appeals. Affirmed.

E. G. Borden and W. H. Small, both of New York City, for appellants.

George B. Jones, of Chicago, Ill., for appellee.

SMYTH, Chief Justice. This is an appeal from a decision in a trade-mark case. The appellee applied for registration of a mark for portable buildings, ready-cut frame buildings, knock down frame buildings, and other frame buildings ready to set up. The mark of the opposer is applied to building construction materials, such as roofing pitch, roofing compounds, heat-insulating compounds, boiler covering compounds, building paints, paints for wood preservation, paints for roofing purposes, and other products which are made from by-products of the distillation and treatment of gas tar.

[1] It is conceded that the marks are similar and that the only question which we are called on to decide is as to whether the goods upon which the marks are used possess the same descriptive properties. The First Assistant Commissioner held that they did not, and sustained a motion to dismiss the opposition. We think he was right. Applicant's mark, according to the application, is applied to the building; opposer's mark is not applied to the building but to building material. A portable or knockdown building does not possess the same descriptive properties as the material of which it is composed. A structure is one thing and the materials out of which it was erected, when considered apart from the building, are quite different things.

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The controller in an electric street car or the paint on the car does not possess the same descriptive properties as the car, yet each is a part of its composition. We have held that rubber tires used on an automobile, when considered by themselves, do not possess the same descriptive properties as the automobile. G. & J. Tire Co. v. G. J. G. Motor Car Co., 39 App. D. C. 508, 511. In Rookwood Pottery Co. v. A. Wilhelm Co., 43 App. D. C. 1, 4, the applicant sought registration of the word "Rookwood" as a trade-mark for use in connection with enamel paint of the kind used in glazing pottery. Opposer used the same mark on pottery which was glazed with the same enamel. In rejecting the opposition the court said:

"While it is true that enamel is an element used in manufacturing the product of appellant, yet the completed article is of a nature manifestly different from the enamel used. They cannot be applied to the same general use. We have no difficulty in agreeing with the Commissioner of Patents that the paint of appellee and the pottery ware of appellant are not merchandise of the same descriptive properties."

[2] Appellant, through its counsel, says it will be satisfied if the appellee states in its application that—

"No claim is made to the mark sought to be registered in connection with the specific building materials as distinguished from completed buildings."

We think the appellee has done that substantially, for it enumerates the things to which the mark is to be applied, and they do not include building material before being worked into buildings or parts of buildings. It seems that the appellee has a prior registration of the same mark for composition roofing and lime, and the opposer says that these materials, or some of them, do possess the same descriptive properties as the merchandise upon which it is entitled to apply its mark. But with this we have nothing to do in the present proceeding. That may be a matter for a future contest. We decide only that the merchandise specified in the application which we are now considering does not possess the same descriptive properties as that mentioned in the opposition paper. Therefore the opposition is not well founded.

The decision of the First Assistant Commissioner of Patents is affirmed.

Affirmed.