## NASHUA MFG. CO. v. COHEN-FEIN CO.

(Court of Appeals of District of Columbia. Submitted January 16, 1924. Decided March 3, 1924.)

### No. 1628.

Trade-marks and trade-names and unfair competition ⬅43—Opposition of user of mark "Indian Head" for shirting to use of mark "Brave Man Shirt" for shirts overruled.

The opposition of one who had for many years manufactured and sold, under the trade-mark "Indian Head," textile fabrics, consisting of shirtings, sheetings, and flannels, to the registration of the mark "The Brave Man Shirt," on which the word "Shirt" is written beneath the other three words, with the representation of an Indian head between, used as a trade-mark for work shirts, since 1914, *held* properly overruled.

Appeal from the Commissioner of Patents.

Application by the Cohen-Fein Company for registration of a trade-mark, opposed by the Nashua Manufacturing Company. From a decision overruling the opposition, opposer appeals. Affirmed.

Perry B. Turpin, of Washington, D. C., and John K. Brachvogel, of New York City, for appellant.

Charles H. Howson and Kennard N. Ware, both of Philadelphia, Pa., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ROBB, Associate Justice. Appellant is a large manufacturer of textile fabrics, consisting of bleached and unbleached sheetings, shirtings, flannels, and suitings, and for many years has sold its product under the trade-mark "Indian Head." Appellee applied for the registration of the mark "The Brave Man Shirt," on which the word "Shirt" is written beneath the other three words, with the representation of an Indian head between. This mark it has applied, since 1914, to work shirts which it manufactures. The question for determination, therefore, is whether shirtings and shirts are goods of the same descriptive properties, within the meaning of the Trade-Mark Act. It was stipulated by the parties that appellant has not sold shirts or other garments under its trade-mark, and that, to the best knowledge and belief of the parties, there has been no actual confusion in the trade through the contemporaneous use of the two marks. Neither party sells direct to the ultimate consumer.

Appellant's trade-mark signifies to the public that the goods to which it is applied are manufactured by appellant and possess the characteristics of its product. In other words, "Indian Head" means to the public a cloth of a certain texture and quality, and nothing more. It does not necessarily follow, however, that the shirts made from that cloth possess the same characteristics. The shirts might be of a poor cut and make, so that the finished product would be quite unsatisfactory. "The Brave Man Shirt," therefore, would include elements not present in "Indian Head." That appellant recognized this point is evident from the fact that since 1915 it has distributed to manufacturers of shirts labels bearing the words "Made of Indian Head." This label, of course, applied to the material, and not the product; that is, was a grade mark as applied to the goods. See Col. Mill Co. v. Alcorn, 150 U. S. 463, 14 Sup. Ct. 151, 37 L. Ed. 1144. Had appellee selected the identical mark of appellant, its lack of good faith would have been so apparent as to have warranted the Patent Office in rejecting its application. The difference between the two marks, however, is almost as great as that found in the products of the two parties, and these differences are what distinguish this case from Wamsutta Mills Co. v. Allen, 12 Phil. (Pa.) 535; Omega Co. v. Weschler, 35 Misc. Rep. 441, 71 N. Y. Supp. 983, and Knight, Inc., v. Milner & Co. (D. C.) 283 Fed. 816, relied upon by appellant, and bring the case within the range of our decisions in G. & J. Tire Co. v. G. J. G. Motor Car Co., 39 App. D. C. 508, Rookwood Pottery Co. v. Wilhelm Co., 43 App. D. C. 1, and Denver Gas & Elec. L. Co. v. Alexander Lumber Co., 50 App. D. C. 207, 269 Fed. 859.

The decision overruling the opposition, therefore, is affirmed.

Affirmed.