[No. 18502. Department One. August 7, 1924.]

JOHN VITTUCCI COMPANY, *Appellant,* v. ANGELO
MERLINE, *Respondent.*[1]

TRADE-MARKS AND TRADE-NAMES (1, 9)—MARKS AND NAMES SUB-
JECT OF OWNERSHIP—SIMILARITY OF NAMES—EVIDENCE—SUFFICIENCY.
There is no such similarity of trade-names on olive oil labels as to
warrant relief, where plaintiff's was labeled "Vittucci Brand—
Finest Italian Virgin Olive Oil" and defendant's, "Angelo Brand—
Pure Italian Olive Oil."

SAME (1)—MARKS AND NAMES SUBJECT OF OWNERSHIP—SIMILAR-
ITY OF COLORS. The similarity of colors on olive oil labels is not
ground for restraining an infringement of a trade-name.

SAME (1, 2)—MARKS AND NAMES SUBJECT OF OWNERSHIP—MAPS—
PRIORITY OF USE. There can be no ownership in the right to use a
map of the country from which the product came, especially where
other importers had previously used the same map on similar labels.

Appeal from a judgment of the superior court for
King county, Honorable C. R. Hovey, judge *pro
tempore,* entered January 5, 1923, denying relief for
an alleged infringement of a trade name, after a trial
on the merits to the court. Affirmed.

*Bronson, Robinson & Jones,* for appellant.

*Elias A. Wright, Sam A. Wright,* and *Ellis, Fletcher
& Evans,* for respondent.

HOLCOMB, J.—This is an equity action to perma-
nently enjoin respondent from importing, selling, or
offering for sale any olive oil under labels, dress, or
container in imitation of the olive oil containers and
labels of appellant, and for damages for unfair compe-
tition, alleged by appellant on the part of respondent.
Appellant claims a good and enforcible property
right in its labels for its olive oil, throughout the
territory of Oregon, Washington, Idaho, Montana,

[1]Reported in 228 Pac. 292.

Arizona, the western half of the Dominion of Canada, and Alaska. It claims that its labels for olive oil containers were devised and applied in 1909; and that in 1921 respondent, in order to obtain an unfair advantage in trade, unlawfully encroached upon the trade name and label of appellant in order to deceive the public; and changed the label respondent had, for many years, used on his olive oil containers, put the same upon the market; and continues to do so, the label being so similar to that of appellant that the intended wrongful purposes were attained. Appellant also seeks to compel an accounting by respondent for the profits wrongfully made by him; or, in lieu thereof, twenty-five thousand dollars in money, and also ten thousand dollars damages as compensation for damages occasioned to the name, good will, and business of appellant.

Respondent traverses the allegations of appellant by general denials, and also alleges concurrent user by respondent in the same market during the same period of time; alleges that any rights of appellant are barred by laches and by the statute of limitations; and that the label of respondent had been registered in the patent office of the United States.

The controversy is waged principally over the design and dress of labels for olive oil containers. That of appellant consists of a label with the words at the top:

"Map of Italy"

on a red ground. Below that the word,

"Vittucci"

in white letters, and below that the word,

"Brand"

in black letters. Below that are the words,

"Virgin Olive Oil"

in white letters. All of these last words being upon a dark yellow-colored ground, extending across the label. Beneath that portion of the label is a map of Italy, showing almost the whole peninsula, and the several seas almost surrounding Italy; a part of the coast of Austria, a small part of France, the islands of Corsica, Sardinia, Sicily; Italy and the islands being shown in deep yellow, and the seas in dark blue. Upon this portion of the label is a trade mark consisting of a circular design, containing the words "Trade Mark Registered," in the outer portion of the circle, in black letters upon a red ground, and the letters "V V" over the letters "O O," in white, upon the dark yellow ground in the center of the design. Beneath this portion of the label are the words,

"Finest Italian Virgin Olive Oil"

all in white letters, beneath which are the words,

"Especially Put Up for Table and Medicinal
Purposes"

in black letters, which portion of the design is on a dark yellow ground. The lower portion of the label consists of a red-colored margin.

The trade mark "V V O O" is intended to signify Vittucci Virgin Olive Oil, and is the only portion of appellant's label that is registered and copyrighted as a trade mark. The lower portion of the blue-colored sea on the label contains the words at the right, in red letters:

"Not Genuine Without Our Trade Mark"

The label of respondent as perfected in 1921, contains the word

"Angelo"

and beneath that the word

"Brand"

and beneath that the words

"Pure Italian Olive Oil"

all in white letters upon a dark green ground, which covers about the upper third of the design. Below that, and extending partly upon the green ground of the upper part of the label, is a map of the entire country of Italy in deep yellow, with the seas almost surrounding Italy in light blue; the islands of Sardinia and Sicily being of the same color as the map of Italy, and the island of Corsica being white. It will be observed that the coloring of the map of Italy, and of the seas, and of the islands except Corsica, are in practically the same colors as those of the appellant. The lower portion of respondent's design is in dark red ground color, contains the coast line of Africa opposite Italy, and the words Algeria, Tunis, Tripoli and Cirenaica, in black letters, and then, surrounded by a scroll design, the words,

"Prepared in Italy"

beneath which is the word

"For"

and beneath that,

"Metropolitan Grocery Co."

and beneath that the words,

"Exclusive Importers"

beneath which are the words,

"Seattle, U. S. A."

Respondent's design also shows on a white ground at the right of the map of Italy, the Coat of Arms of the House of Savoy in a very conspicuous manner, the colors being green and yellow for the crown, and a white cross upon a red ground color on the shield. Respondent's design also has a yellow and then a red border on each side.

At the conclusion of the trial, the lower court concluded that appellant had not in any wise substantiated the allegations of its complaint, and established no cause of action against the respondent on any of its allegations, and that respondent had established the allegations of its answer and of its affirmative defenses, and therefore decreed that the action be dismissed, with prejudice and costs.

It is incontrovertibly shown in the evidence that the use of the map of Italy as a design was no novelty with either appellant or respondent, but had been used by a firm of importers in New York city as long ago as 1901 or 1902, the olive oil imported by that firm, Parodi & Ermino, having been marketed on the Pacific Coast and in the State of Washington, under the trade name of "Italy Brand," with a map of Italy in red as the most prominent feature of the label. It is indisputably shown, also, that Virgin Olive Oil simply means pure olive oil, and is a generic and descriptive term.

The discussion of the case by counsel is elaborate and extensive, but there are a few controlling principles which are determinative of this case.

In the first place, it does not appear that there is such obvious similarity in the labels as to cause deception.

As to another feature, the use of similar colors by respondent as imitative of the label of appellant, cannot be prevented. It was so decided in *Pacific Coast Condensed Milk Co. v. Frye & Co.*, 85 Wash. 133, 147 Pac. 865. We also refer to that case for a very elaborate discussion of many of the questions discussed in this case, which are there decided against the contention of appellant. Under the decision in that case, there is no such similarity of design and trade brand on respondent's label as to constitute infringement.

For another reason, the use of the design containing a map of Italy cannot be restrained. That is because it cannot be made the subject of exclusive private property. Since the same design, regardless of the color, was used, as indisputably shown, by Parodi & Erminio in this market at least several years before the map of Italy was made a part of the design of appellant, appellant had no exclusive right to its appropriation. In other words, it had been appropriated. *Columbia Mill Co. v. Alcorn,* 150 U. S. 460, 37 L. Ed. 1144.

Again, the use by appellant of the map of Italy as a part of the design of its trade label is shown to have been for the purpose of showing where the olive oil came from. This would, therefore, be no more than the use of the name and representation of a locality or place of which no trader can acquire the exclusive use. This has been decided with practical unanimity by the courts. *Delaware & Hudson Canal Co. v. Clark,* 80 U. S. 311, 20 L. Ed. 581; *Amoskeag Mfg. Co. v. Spear,* 2 Sandf. (N. Y.) 599. In the *Clark* case, *supra,* the court observed:

"It must then be considered as sound doctrine that no one can apply the name of a district or country to a well known article of commerce, and obtain thereby such an exclusive right to the application as to prevent others inhabiting the district or dealing in similar articles coming from the district, from truthfully using the same designation. It is only when the adoption or imitation of what *is* claimed to be a trade-mark amounts to a false representation, express or implied, designated or incidental, that there is any title to relief against it."

And the court also decreed:

"No one can claim protection for the exclusive use of a trade-mark or trade name which would practically give him a monopoly in the sale of any goods other

than those produced or made by himself. If he could, the public would be injured rather than protected, for competition would be destroyed. Nor can a generic name, or a name merely descriptive of an article of trade, of its qualities, ingredients or characteristics, be employed as a trade-mark and the exclusive use of it be entitled to legal protection."

See, also, *Corbin v. Gould,* 133 U. S. 308, 33 L. Ed. 611; *Lawrence Mfg. Co. v. Tennessee Mfg. Co.,* 138 U. S. 537, 34 L. Ed. 997; *Amoskeag Mfg. Co. v. Trainer,* 101 U. S. 51, 25 L. Ed. 993; *Carthage Tobacco Works v. Barlow-Moore Tobacco Co.,* 296 Fed. 142.

For a further general discussion of the law of unfair competition, see *Diamond Drill Contracting Co. v. International Diamond Drill Contracting Co.,* 106 Wash. 72, 179 Pac. 120.

For the foregoing reasons, the decree of the lower court was right, and is affirmed.

Main, C. J., Tolman, Parker, and Mackintosh, JJ., concur.